UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARMAN ROBERTSON,

                Petitioner,

v.                                                                        9:20-CV-1405
                                                                          (DNH)
DIRECTOR,

                Respondent.

---

APPEARANCES:                                                              OF COUNSEL:

CARMAN ROBERTSON
Petitioner, pro se
Hutchings Psychiatric Center
620 Madison Street
Syracuse, NY 13210

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

Pro se petitioner Carman Robertson ("Robertson" or "petitioner") seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). Petitioner also remitted the statutory filing fee. Dkt. Entry for Pet. (indicating receipt information for filing fee transaction).

**II. PETITION**

Robertson is presently housed in an in-patient program at the Hutchings Psychiatric Center. Pet. at 1. Petitioner was arrested on or about September 9, 2020, and, pursuant to the recommendation of two doctors, placed in the psychiatric hospital. *Id.* at 1, 6. It is unclear why petitioner was arrested, if he was charged, what he was charged with, and what

the procedural posture of any criminal action currently is.

Robertson argues that he has submitted written requests for discharge from the hospital. Pet. at 6. He states those requests have been ignored. *Id.* However, petitioner also shared that there was a hearing scheduled for October 19, 2020, regarding his discharge from the hospital. *Id.* at 2. Petitioner did not indicate the type of hearing, what happened when it was conducted, or what was the ultimate disposition; however, because he still resides at Hutchings it is presumed that his request for discharge was denied.

Robertson argues that he is entitled to release because respondent (1) has failed to show lawful grounds for his continued detention at the psychiatric hospital and (2) continues to ignore petitioner's requests for discharge from the hospital. Pet. at 6. For a more complete statement of petitioner's claims, reference is made to the petition.

## III. DISCUSSION

This petition was brought pursuant to 28 U.S.C. § 2241. Section 2241 provides that "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255. *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).

State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.

While "[c]hallenges to the conditions of confinement in a mental institution are often brought pursuant to § 2241(c) . . . [c]hallenges to the commitment itself . . . are properly brought pursuant to § 2254." *Henry v. Murphy*, No. 1:17-CV-5852, 2018 WL 7291456, at *2 (S.D.N.Y. Oct. 31, 2018) (citing cases); *see also Duncan v. Walker*, 533 U.S. 167, 176 (2001) (explaining that "federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment[.]"); *Buthy v. Comm'r of Office of Mental Health of New York*, 818 F.2d 1046, 1051-52 (2d Cir. 1987) (holding petitioner "could challenge the fact of his [involuntary] pre-hearing confinement in the [psychiatric] unit as opposed to the conditions of confinement, only by petitioning for a writ of habeas corpus[.]"); *Trombley v. Bosco*, No. 9:14-CV-1118 (JKS), 2016 WL 6238576, at *1 n.1 (N.D.N.Y. Oct. 25, 2016) ("The fact that [petitioner] is challenging his commitment for mental illness rather than his underlying conviction does not change the outcome as civil commitments are typically challenged in habeas proceedings.").

Robertson challenges his continued involuntary civil confinement. Petitioner is requesting discharge from the hospital; *i.e.*, release from confinement. Pet. at 6. Therefore, petitioner is challenging the term of his confinement rather than the conditions surrounding it. Thus, the petition needs to be converted to continue.

Unlike section 2241 petitions, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or

3

successive" section 2254 habeas petitions under subsection (b) and the one-year limitation period under subsection (d). Therefore, the conversion of petitioner's petition into one brought pursuant to section 2254 will bring with it certain restrictions.

First, section 2254 petitions are subject to a one-year statute of limitations that generally begins to run from the date on which the state criminal conviction or other challenged state court decision became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n. 9 (2012).[1]

Second, petitioners are generally permitted to file only one section 2254 petition challenging a particular state court judgment.  Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit.  28 U.S.C. § 2244(b).

Because of these restrictions, a filing may not be converted into a first section 2254 petition without notifying the petitioner of the district court's intent to convert the petition, and giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted.  *Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F.3d at 282.

Accordingly, Robertson is notified and advised that the Court intends to convert this

---

[1] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

section 2241 petition into a section 2254 petition, and that this conversion means that the petition will be subject to the restrictions on any future, successive petitions set forth in 28 U.S.C. § 2244(b) and the one-year statute of limitations set forth in § 2244(d)(1).

The conversion of this petition will occur unless petitioner notifies the court in writing within thirty (30) days of the filing date of this Decision and Order that he either (1) consents to the conversion or (2) voluntarily withdraws the petition instead of having it converted to a petition under section 2254.  If petitioner does not advise the Court in writing within thirty (30) days of either his consent to the conversion or his voluntary withdrawal of the petition, the Court will convert this petition to a section 2254 petition.

### A. **Amendment**

Unless petitioner withdraws his petition, he will also be subject to the exhaustion requirement under 28 U.S.C. § 2254(b).  An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted).  In other words, petitioner "must

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

It looks like Roberton has not exhausted his state court remedies. A petitioner contesting involuntary civil confinement must

> challenge[ the] . . . civil confinement in state court by filing a petition for discharge in the appropriate state court, *see* N.Y. MENTAL HYGIENE LAW § 10.09 (setting forth procedures for challenging an Article 10 commitment order); a state-court habeas corpus petition, *see* N.Y. C.P.L.R. §§ 7001-7012; or an appeal in the appropriate state appellate court.

*Brown*, 2018 WL 10879393, at *4. Petitioner only indicates that he has unsuccessfully requested hearings from the psychiatric facility, not the state courts. Pet. at 6. Moreover, petitioner also does not provide any information about the hearing, or its outcome, which was recently held in October. It is unclear whether the hearing was an administrative remedy provided by the facility or something petitioner filed in state court. Although petitioner indicates that he has not appealed the hearing decision to higher authorities, he also contends that his claim was exhausted. Pet. at 2-3, 5, 6. In sum, the Court cannot determine whether proper exhaustion has occurred.

Based on the foregoing, unless petitioner voluntarily withdraws his petition, he is directed to file an amended petition within thirty (30) days of the filing date of this Decision and Order that addresses if and how he has exhausted his state court remedies, as outlined below.

## IV. <u>CONCLUSION</u>

Therefore, it is

6

ORDERED that

1. Petitioner must notify the Court in writing **within thirty (30) days** of the filing date of this Decision and Order whether he: (1) consents to having his section 2241 petition converted to a section 2254 petition; or (2) voluntarily withdraws the pending petition instead of having it converted.  If petitioner fails to advise the Court in writing within thirty (30) days of the filing date of this Decision and Order of either his consent to the conversion or his voluntary withdrawal of this petition, the petition will be converted to a section 2254 petition;

2. If petitioner does not voluntarily withdraw his petition, he must file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose.  Petitioner shall fully complete each and every part of the blank petition, including the parts that require him to state the name and location of the court that entered the order for civil confinement, the date of the order, and the reasons behind it;

3. **The amended petition must clearly list the date(s) on which petitioner filed any application(s) in state court for review concerning his involuntary civil confinement, the name and location of the court in which he filed each application, and the date on which each court denied each application.  Petitioner must also clearly state each claim he wants the court to consider, and the facts supporting each claim, in the petition**;

4. Petitioner must not incorporate any portion of any prior petition into his amended petition by reference.  Petitioner must include all relevant information in the amended petition in accordance with the terms of this Decision and Order;

5.  If petitioner fails to file an amended petition **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order;

6.  Upon the filing of any amended petition, the Clerk shall forward the file to the Court for further review; and

7.  The Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.


Dated:  December 1, 2020
        Utica, New York.

_____
United States District Judge